IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LES HARRISON,

        Plaintiff,

   v.

HYDRATE2O et al.,

        Defendants.

No. CV 07-1398-MO

OPINION AND ORDER

**MOSMAN, J.**,

In this diversity action, plaintiff Les Harrison, aka "Pee Wee" Harrison, filed suit against defendants Hydrate2O alleging breach of contract under Oregon state law. Currently before the court is Mr. Harrison's Motion for Summary Judgment (#15). Defendants have not filed a motion in opposition to the Motion for Summary Judgment. For the reasons discussed below, the motion is GRANTED.

## BACKGROUND

Mr. Harrison has had a career performing comedy basketball, styled in the tradition of the Harlem Globetrotters. He also founded "Showtime Athletics," an Oregon non-profit corporation that works with young athletes emphasizing sportsmanship. In September of 2006, Bruce Thompson, President of Hydrate2O, offered Mr. Harrison a five year contract to play basketball and promote Hydrate2O's bottled water. Mr. Thompson presented Mr. Harrison with a document

PAGE 1 - OPINION AND ORDER

signed by Thompson, labeled "Letter of Intent."  Mr. Harrison signed between the phrase "Upon agreement to the contract please sign below:" and his preprinted name on the document.  For Mr. Harrison's services, the contract provided that he would be compensated with an annual salary of $120,000 and 50,000 shares of BodyExtreme stock.[1]  Mr. Harrison began performing the contract on October 1, 2006, working exclusively for Hydrate2O.  In return, Hydrate2O compensated him $10,000 a month for the next ten months.  Mr. Harrison did not receive any of the 50,000 shares of stock.

On August 5th and 20th, 2007, Hydrate2O did not direct deposit Mr. Harrison's scheduled paycheck.  When Mr. Harrison asked why he was not paid, he was given several answers:  the pay dates had changed, there was a computer error, and finally, the defendants were experiencing financial difficulties.  Mr. Harrison performed his obligations under the contract for the month of August.  He then took a job with the Portland Public Schools as a physical education teacher for an annual salary of $34,000.  Mr. Harrison has also sought to revive his previous business, Showtime Athletics, with an anticipated income of $35,000-$40,000 over a 45 month period.

## DISCUSSION

**I.    Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court views the record in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477

---

[1] Mr. Thompson signed the contract as President of Hydrate2O.  In 2006, Hydrate2O was a d/b/a of BodyExtreme, Inc., which later changed its name to Eagle Holdings International, Inc.  Hydrate2O, Inc. was created in 2007 as a wholly owned subsidiary of Eagle Holdings International, Inc.

PAGE 2 - OPINION AND ORDER

U.S. 242, 255 (1986). If the movant initially shows that no genuine issue of fact exists for trial, the non-moving party cannot then rest on the pleadings but must respond with evidence setting out "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party has the "burden of advertising [sic] to 'specific facts showing that there is a genuine issue for trial.' . . . It is not the district court's job to sift through the record to find admissible evidence in support of a non-moving party's case." *Claar v. Burlington N. R.R.*, 29 F.3d 499, 504 (9th Cir. 1994) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Further, a district court may grant an unopposed motion for summary judgment if the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill*, 983 F.2d 943, 949-50 (9th Cir. 1993).

## II.     Breach of Contract

Mr. Harrison alleges breach of contract. He contends that a valid contract was formed between the parties, which the defendants materially breached by failing to pay him for his work. Mr. Harrison is seeking contract damages in the amount of $220,558, the remaining amount he would have been paid over the contract term less the amount he has mitigated.

After Mr. Harrison filed suit, defendants submitted an Answer and Affirmative Defenses to the complaint. However, defendants did not respond to Mr. Harrison's later Request for Admissions. Defendants have also not responded to Mr. Harrison's Motion for Summary Judgment, despite the Order to Show Cause issued by this court ordering defendants to appear.

...

The material facts of this case, taken from Mr. Harrison's affidavit and unopposed Requests for Admission, are not in dispute because the defendants have not filed opposing affidavits or depositions. Further, defendants did not deny or even respond to Mr. Harrison's requests for admissions, so that they are now deemed admitted. Fed. R. Civ. P. 36(a)(3).

The evidence before the court is that the parties formed a five year contract under which Mr. Harrison would compensated $120,000 per year and 50,000 shares of BodyExtreme stock in exchange for performing comedy basketball and promoting Hydrate2O. (Harrison Aff. (#18) Ex. 1.; Drew Aff. (#19) Ex. 1.) Mr. Harrison performed under the contract for ten months and was paid $100,000, after which defendants stopped paying him. (Harrison Aff. (#18) 2-4; Drew Aff. (#19) Ex. 1.) These facts indicate that there was an offer, acceptance, and consideration, forming a valid contract between the parties, which both sides performed for ten months. Further, Mr. Harrison continued working for one month during August, for which he was not compensated. (Harrison Aff. (#18) 3-4.) He never received 50,000 shares of BodyExtreme stock. (Harrison Aff. (#18) 4.) Based on these facts, the only inference that can be drawn is that defendants breached the contract by failing to pay Mr. Harrison for his performance.

Under the contract, Mr. Harrison was entitled to an additional $500,000. To mitigate damages, he took a job at a substantially lower salary as a physical education teacher with the Portland Public Schools, and has sought to revive his former Showtime Athletics business. (Harrison Aff. (#18) 4.) Through these efforts, Mr. Harrison has reasonably mitigated defendants' breach of contract damages by $279,442. As such, damages in the amount of $220,558 are appropriate.

Based on the record before the court, the only reasonable inference is that there was a contract between the parties, which was breached when defendants failed to pay Mr. Harrison for his continued performance. Thus, Mr. Harrison's papers are sufficient to support the Motion for Summary Judgment and do not on their face reveal a genuine issue of material fact.

## CONCLUSION

Based on the foregoing, I GRANT the plaintiff's Motion for Summary Judgment (#15) and plaintiff is awarded damages in the amount of $220,558, plus 50,000 shares of BodyExtreme stock.

IT IS SO ORDERED.

DATED this  10th   day of September, 2008.

>/s/ Michael W. Mosman
>MICHAEL W. MOSMAN
>United States District Court